By the Court. Hoffman, J.
—The plaintiffs in this action, a Connecticut corporation, had, on the 31st of March, 1855, executed to the firm of Wage& Scott, of Buffalo, N. Y., a fire policy on goods, for the sum of $1,000. In May, 1855, the property insured, was damaged by fire, and the amount of the loss was adjusted at $603.45. The plaintiffs were ready to pay the. assured the amount as adjusted, when, on the 18th of July, 1855, Wilson, Goll & Co., merchants in New York city, and creditors of Wage fy Scott, brought an action by foreign attachment, against Wage & Scott, and caused the sum of money due to the latter from the plaintiffs, to be attached in that action, under the laws of Connecticut, thereby creating a lien on such sum of money. On the third Tuesday of October, 1855, Wilson, Goll & Co., recovered judgment in their action, and execution was immediately issued thereupon.
In November, 1855, demand being made of the plaintiffs that they should pay the $603.45, to the officer having the execution, payment was agreed to be made by the. present *431 plaintiffs, on receiving a bond of indemnity, which is the subject of the present action.
That bond is dated at the city of New York, on the 9th of November, 1855, and is executed by the defendants, three of whom are members of the firm of Wilson, Goll & Co., and the other, Henry Brewster, executes it as a surety.
The bond recites the action brought by the firm of Wilson, Goll & Co., on the 18th of July, 1855 ; service of an attested copy of the writ upon the plaintiffs, as trustees and debtors of the defendants in the writ; the judgment recovered in October, 1855 ; the execution dated the 8th of November, 1855 ; and an admission by the present plaintiffs, that they are indebted to Wage & Scott, in the sum of $603.45, and were so indebted at the time of the service of a copy of the writ.
The condition of the bond, is as follows
“ Now, the condition of this obligation is such, that if the said Bridgeport Eire and Marine Insurance company, shall pay to the officer to whom said execution is directed, and who, by virtue thereof, shall make demand of said insurance company, of the goods and effects in their hands, of said Wage & Scott, said sum of $603.45 ; and if we, the said obligors, shall indemnify and save harmless, the said insurance company, from all suits and actions, both in law and equity, and from all loss,'cost and damage by reason of the payment of said sum of money as aforesaid, then this obligation to be null and void, and otherwise to be and remain in full force and effect.”
On the llth of March, 1856, judgment was ordered in the Superior Court of Buffalo, in favor of Austin Barnum, as assignee of said Wage & Scott, of their claim and rights under the said policy and to the said loss, against the present plaintiffs, for the sum of $851.91. The cause was tried before a judge, a jury being waived, and judgment as aforesaid, was directed to be entered accordingly, which was done on the 25th of April.
The plaintiffs, in their complaint in this action, aver, that such suit in Buffalo, was commenced on the 29th of August, *432 1855, by Barnum, as assignee of Wage & Scott, of their claim and demand upon the policy ; that of such suit, the present defendants, who are members of the firm of Wilson/ Goll & Co., had notice; that they were to undertake the defense of such suit, and that it was the claim made in such suit which should have been recited in the bond now sued upon, and which it was meant to be indemnified against.
The fact of the commencement of Barnum’s action, in August, 1855, was put in issue ; and the plaintiffs here have failed to prove it. There is some slight evidence, as in Chatfield’s answer to the sixth interrogatory, tending to establish it. Even he qualifies this by saying, if not commenced, it was threatened. On the other side, it appears, that although the summons is dated the 2lth of August, 1855, the complaint was not sworn to until the 20th of November, 1855, and the answer therein was sworn to on the 12th March, 1856.
It is clear, upon the testimony, that the claim made by Barnum, as assignee, was known to the present plaintiffs before and at the time of executing the bond sued on; and Ives, (who drew it,) deposes that the company believed the claim of Barnum to be fraudulent. By the 28th of July, 1855, the firm of Wilson, Goll & Co., knew of the claim; that there was an assignment from Wage & Scott to Barnum, and stated their objections to its validity. In the spring of 1856, they conversed with an officer of the company (the plaintiffs) about the suit.
At sometime, but when is not proven, the agent of the company at Buffalo, had obtained a copy of the assignment to Barnum, and sent it to the company. The officers of the company, or one of them, suspected, as they or he stated, the assignment was antedated, or in some manner fraudulent. When such statement was made, or such information acquired, or its precise nature, is not shown by Brewster; but Ives fixes it about the time of the negotiation for payment to the defendants, and before the bond. There is no proof of the defendants’ actual knowledge of the pendency or *433 progress of the suit by Barnum, or of any information as to it, before March, 1856. Then being informed of the decision, (.which is dated March IT, 1856,) they write various letters of complaint to officers of the company, and instructions for efforts to obtain a new trial.
The date of the jurat to the complaint of Barnum, and to the answer thereto, has been before stated, viz., the 20th of November, 1855, and the 12th of March, 1856. The complaint states the policy and loss, and an- assignment to Barnum, purporting to be dated the 9th of July, 1855. The answer denies that the goods suffered damage to four-fifths of their value; states that the defendants left the plaintiff to prove his alleged assignment, and avers that there was another policy upon the goods in another company,- made without their consent.
Two days after this answer, viz., on the 14th of March,-1856, the trial was had.
It is in evidence, that counsel was employed by the plaintiffs in this action, to defend the Barnum suit; and that their agent, Brewster, gave him - what information as to facts, he possessed.
The judge, on the trial of the present action, excluded evidence to the point that the agreement, when the money was paid and the bond sued on was given, was, that Wilson, . Goll & Co., were to take care of and defend the action by Barnum; or that the bond was given especially to indemnify against the Barnum claim. The evidence was rightly excluded.
It remains to be noticed, that in the letter of Wilson, Goll & Co., to Brewster, of the 31st of July, 1855, they inform him, that Wage & Scott had told one of them at Buffalo, on the 11th or 12th of that July, that they had not assigned, and should not assign their claim against the company. This letter the plaintiffs produce.
Thus, the case is presented, that without the defendants being under any express or necessary obligation to defend the Barnum action and relieve the plaintiffs from guarding against it, with the duty remaining upon the plaintiffs to *434 defend that suit, and their actually recognizing that duty by. employing counsel, they did set up defenses which turned out to be either fictitious, or incapable of proof if honestly alleged; and they omitted to set up the defense of the attachment suit of Wilson, Goll & Co., and payment under it, and the suspected fraud in and antedating of the assignment.
It is not a question whether they might not in November, 1855, have fully apprised the defendants of all their information, and put them upon the task of a defense. The question is whether, in the case of an utter neglect pro-23 erly to defend, with means of a probably ample defense at their command,-when they had assumed and undertaken such defense, they may yet hold these parties responsible upon their bond of indemnity ?
It is insisted that the law makes them liable.
The Court of Appeals in Thomas v. Hubbell, (15 N. Y. Rep. 405,) advert to a class of cases in which “ an indemnitor is concluded by the result of a suit against the person whom he has undertaken to indemnify, upon the ground that such is the fair interpretation of the terms of the contract.” The case of Douglass v. Howland, (24 Wend. 35,) fully discusses this question, and shows “ that the cases which have applied it, are not departures from, or exceptions to, the general rule, that a judgment concludes only parties and privies, but do not fall within that rule at all; being dependent upon the principle that one may contract to be answerable to another upon such lawful conditions as he pleases.”
, “It is, however, well settled, where parties sustain the relation which existed between the parties to this suit, that the party entitled to be indemnified, may throw upon the indemnitors the burthen and risk of the primary litigation by giving them the opportunity of defending the original suit. It then becomes the defense of the indemnitors, and they are concluded by. its results, at least in the absence of fraud or collusion between the prosecuting party and. him whom they are bound to defend.”
*435 “ Notice of the action against the sheriff, was given to Hubbell, the deputy sheriff, but not to the other parties, the obligors on the bond, his sureties. It was held that the judgment against the sheriff did not bind them.”
“ The condition of the bond to the sheriff in that case, was, that Hubbell should well and faithfully, in all things,
■ perform and execute the duties of deputy sheriff without fraud, deceit or oppression.” For his fault, the sheriff was subjected to a judgment. It was not enough to take the case out of the general rule which declares the effect of judgments as to strangers, that they conclusively prove rem ipsam, and nothing else.
The case of Westervelt v. Smith, (2 Duer, 449,) is mentioned as having been reviewed in the Court of Appeals, and put upon the ground that it fell within the class of cases in which one has stipulated to be bound by the event of a suit between strangers. In that case, Dunlap, the deputy sheriff, gave a bond, with sureties to Westervelt, to keep him harmless, touching the execution of writs, process, &c., and of and from all issues, fines, demands, damages, costs and charges whatever, hereafter to be produced, imposed, prosecuted, demanded, or demandable, of or against said Westervelt,- for or by reason of any neglect of said Dunlap, in executing wrongfully, or neglecting to execute the office of deputy sheriff for the county of New York. The action was against the surety.. Judgments against the sheriff, on account of a neglect of duty of the deputy, were given in evidence. Dunlap had been present at the trial. The court concluded that he had notice of the suits, and an opportunity to defend.
The judgments were determined to have been rightly admitted in evidence, and nothing appearing to impair their force, the plaintiff, the sheriff, had judgment. A great number of cases are examined. The great majority of them are of bonds by deputies, or subordinate officers, for the faithful discharge of official duties.
Whatever just ground may exist for distinguishing Westervelt v. Smith, from Thomas v. Hubbell, (as it must be *436 assumed there does exist,) the principle now definitely settled is, that the court must find in the instrument of indemnity, a stipulation that the parties will be bound by a judgment which may be obtained against others, without their privity. That this must appear from express terms, is not requisite; but it must be plainly, if not necessarily infer-able from the instrument. Many cases have been, perhaps, arbitrarily decided, that in certain official instruments, it is to be inferred as of course.
I do not think that such a stipulation is to be found in the condition of the bond in question; but if it can be so, then the case may be determined upon another ground.
Mr. Justice Bosworth, in Westervelt v. Smith, says : “ Where a want of good faith, industry and sound discretion in the defense of the suit is not pretended, notice to the surety is practically an idle ceremony. When the principal has had notice of the suit, has actually assumed its defense, and it has been fully tried on its merits, with the, aid of all the information relative to the merits possessed by the party whose conduct is the subject of controversy, it cannot be presumed that another trial, when defended by the surety, could be attended with any different result.” Applying these rules to the facts here, it is certain"that the plaintiffs have failed to give any proof of notice of the action; and on the facts of the case, Barnum ought not to have recovered. But if this is not a clear result from proven facts, yet it is most certain, that a defence which would probably have been successful, has been wilfully, or through gross negligence, omitted to be taken.
It appears to me quite clear, that the judgment should be affirmed with costs.
Ordered accordingly.