EDWIN W. HOWELL, Respondent, *v.* JAMES A. CHRISTY and another, Appellants.

(GENERAL TERM, THIRD DEPARTMENT, OCTOBER, 1870.)

It seems, that in a sheriff's action upon the defendants' promise of indemnity, to recover the amount of a judgment, obtained against and paid by him, for goods sold under the defendants' execution, the plaintiff need not prove the amount realized upon a sale of the goods levied on, and applied by him on such judgment, although the amount so realized and applied is averred in the complaint, and the demand is for the balance of the judgment's face; and that, in such case, it is for the defendants to prove the precise amount realized if they dispute the deficiency claimed.

Nor, it seems, in such suit, may the defendants claim the negligence of the sheriff, in connection with that of his attorney, in conducting a defence to the suit in which the judgment, against the former, was recovered.

And that after notice given by the sheriff, to the defendants, of the suit brought against him to recover for the goods levied on, such suit became substantially a suit against the defendants, and that any defence made by the sheriff therein was gratuitous, and could not render him liable for negligence; and that, in the absence of fraud or collusion, the defendants were bound by the result of the action, and could not attack the judgment collaterally.

Where the question was, whether certain directions and promises constituted a ratification, by the defendants,—*Held*, that they were entitled to have the jury instructed, that if a ratification, claimed to have been made in a certain letter, was made without full knowledge of all the facts, that it was not a ratification in law; and that this was so notwithstanding the statements, &c., in the letter were not the only evidence of ratification relied on by the plaintiff, and the court charged that if the defendants ratified with knowledge of the power assumed by their agent in the acts in question, they were liable.

THE cause was tried at the Chemung circuit before one of the justices of this court and a jury in March, 1870. It appeared on the trial, that in April, 1866, the defendants sent to S. B. Tomlinson, Esq., an attorney, a claim against J. H. Dunn for collection, upon which claim judgment was entered 8th May, 1866, for $284.22 damages and costs. An execution was on the same day issued to the plaintiff, who was sheriff, and who, on 12th May, levied on a quantity of cigars as the property of Dunn. Plaintiff claimed that he

made this levy by direction of Tomlinson, and on his promise that defendants would indemnify him. A brother of Dunn sued the plaintiff for the cigars, and plaintiff gave the papers to Tomlinson who defended the action; and it was tried on the 2d June, 1868, and Dunn's brother recovered a judgment against plaintiff for $821.41 damages, as the value of the cigars, and $231.55 costs; in all, $1,050.96.

In September, 1868, plaintiff paid on an execution issued on the judgment obtained by Dunn's brother, $1,088.85, and thereafter brought this action, averring that defendants directed plaintiff to sell and dispose of the cigars, and apply the proceeds on the execution of Dunn's brother against him, and that he did so sell them and apply their proceeds, $198.71, on said execution, "leaving the balance due and unpaid on said execution of about $890.14, being the amount of loss and damage incurred and sustained by said plaintiff, and that said defendants, on or about the 18th day of June, 1868, after being informed of the facts aforesaid by their said attorney, promised and agreed to pay whatever deficiency there might be on said last execution, after applying the proceeds of the sale of said property thereon."

The answer admitted the recovery of the defendant's judgment, the issuing of execution thereon to the plaintiff, and the recovery against him; but alleged that the action against the sheriff had been insufficiently and negligently defended, and otherwise denied the complaint.

The plaintiff rested without showing what the cigars sold for, and defendants' counsel asked the court, under the pleadings and proofs, to restrict the plaintiff's recovery to the costs of the action in the case of *Dunn* v. *Howell*, upon the ground that the plaintiff had not shown what the cigars sold for, and had failed to show any deficiency.

The court refused the request and the defendants' counsel excepted.

It is claimed by the plaintiff that Tomlinson had authority from the defendants to indemnify him, for the levy on the cigars and did so, and that defendants ratified Tomlinson's

act after the plaintiff was beaten in the action by Dunn's brother. Both the authority and ratification are denied by the defendants. The authority mainly rests upon certain letters introduced in evidence, and others alleged to have been written and lost.

The defendants made an offer of evidence on the trial and certain requests to charge the jury, which were refused, and exceptions were duly taken to the several rulings of the judge. The questions arising are stated in the opinion. A verdict was rendered in favor of the plaintiff for $983.20, the amount claimed, and interest thereon. Exceptions were made, which were ordered to be first heard at General Term.

*Smith & Hill,* for the appellants.

*E. B. Hart,* for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J. I am inclined to think that there was no error on the trial in the refusal of the court to restrict the plaintiffs' recovery to the costs of the action in the case of *Dunn* v. *Howell,* on the ground that the plaintiff had not shown what the cigars sold for, and had failed to show any deficiency. It is true that the plaintiffs' complaint alleged a direction to sell; the sale of the property levied upon by the plaintiff as sheriff; the application of the avails on the judgment recovered against the plaintiff, and the actual deficiency paid, and only claimed judgment for such deficiency; but these averments were not necessary in order to maintain the plaintiff's action. It was enough to aver the payment and the agreement to indemnify, or the promise to pay; and upon the proof of this, the plaintiff was entitled to recover without showing a sale of the property levied upon. It was quite sufficient that he paid the amount of the judgment, if the agreement to indemnify was proven; and although the plaintiff only recovered for the amount paid after deducting a sum conceded to have been received from

Howell *v.* Christy.

the sale of the cigars, yet more properly the burden of prov-
ing the amount realized upon the sale devolved upon the
defendants, if they chose to question the amount of the defi-
ciency. The sale of the property was a matter independent
of the indemnity for making the levy, and did not come
within the scope of the original instructions to sell from the
defendants. In making the sale the plaintiff acted as the
agent of the defendants after the judgment was obtained, and
after the liability of the defendants had been incurred; and
therefore it was for the defendants to establish what were the
avails of it, if they disputed the amount which the plaintiff
conceded had been realized.

The evidence offered to show the negligence of the plain-
tiff and the attorney, in the conduct of the suit which Dunn
brought against the plaintiff, was properly rejected by the
court upon the trial. The question made, as to the attor-
ney's negligence, in connection with the plaintiff, cannot pro-
perly be raised in this action. There is no such relationship
existing between the plaintiff and the attorney, or in the
duties which either of them was required or assumed to dis-
charge, which renders the one liable in this action for the
acts or misconduct of the other. Their positions were sepa-
rate and distinct, and there was no joint obligation or lia-
bility. If the attorney was negligent in conducting the suit,
he is individually and alone responsible for his negligence.
The plaintiff occupies entirely a different position from that
of the attorney in the case. What the latter did was for the
defendants, whose business it was to conduct the defence
either personally or by attorney after notice had been given
them. They were the parties actually interested in the
defence. Although the suit was nominally against the plain-
tiff, he was under no obligation or duty to the defendants to
defend the action after they had been notified. All that he
did was of a gratuitous character, and imposed no duty upon
him which renders him liable for negligence. The judgment
recovered was virtually against the defendants, and they can-
not impeach it collaterally. The case at bar is not like one

where notice has not been given, and where the party has assumed to act, and to defend, without notification to those interested. (*Bridgeport F. & M. Ins. Co.* v. *Tritson*, 7 Bosw., 427.)    The defence was the defence of the defendants, who were the indemnitors, and they are concluded by the result, in the absence of fraud or collusion between the prosecuting party and him whom the defendants were bound to defend. (*Douglass* v. *Howland*, 24 Wend., 35.)    There is no legal principle which sanctions the interposition of a defence in this action, on the ground of negligence, as claimed by the defendants.

It is insisted that the court erred in refusing to charge the jury as requested; that if what was claimed by the plaintiff, as a ratification in the letter of June 18, 1868, was made by Christy without full knowledge of all the facts, it was not in law a ratification.    The letter referred to, directed the attorney to sell the property, and promised to pay any deficiency there might be upon the judgment.    To make an unauthorized act of an agent binding upon the principal, upon the ground of a subsequent ratification, such ratification must have been made by the principal with a full knowledge of all the facts affecting his rights. (*Seymour* v. *Wyckoff*, 10 N. Y., 213, 224; *Brass* v. *Worth*, 40 Barb., 648, 654.)    The proposition contained in the request was a sound one, if the plaintiff relied solely on this letter as evidence of the ratification, or if it was not covered by the charge already made.    The plaintiff claims that other letters, received after the levy was made, contained and were evidence of the ratification; and as this request assumed that the letter named was the only one which contained evidence of the ratification, the request was properly refused.

As I understand, there is evidence in the case which tends to show that other letters were received by the plaintiff which might be considered as an approval of what had been done, and as showing a ratification by the defendants.    It is, perhaps, a rational and fair presumption, that all of these were relied upon, by the plaintiff, as evidence of a ratification; and if

Howell *v.* Christy.

such is the fact, then the request was too narrow and restric-
ted in its character, provided the scope and tenor of the
charge properly covered the whole testimony relating to
the subject.   It becomes important, then, to inquire whether
the charge was sufficiently comprehensive in this respect.
The judge, after charging that if Tomlinson was directed by
the defendants, by virtue of certain letters, to proceed and
levy on the property and remove it, and assumed the defence,
that then they would be liable; or if they authorized Tomlin-
son to indemnify the sheriff in the taking of this property, as
he did, that then they would be liable, proceeded to say: " Or
if after the property had been taken, after the action had been
tried, and decided against the sheriff, they ratified what was
done, *knowing of the power which Mr. Tomlinson had
assumed, to defend* the action in their name, then they would
be liable."   I think that this was not enough, and does not
embrace the proposition presented.   The judge speaks of a
ratification without stating what is meant by it; and of " know-
ledge of powers," without in any way saying that the ratifi-
cation must be made with full knowledge of the facts affecting
the transaction.   He left out a most material and important
part, and omitted to state the principle upon which a ratifi-
cation of prior acts is founded.   This clearly did not cover
the request made; and as the court refused to charge, except
as was contained in the charge made, which did not embrace
anything in regard to a ratification contained in the letters, I
think there was error.   There was, in fact, no portion of the
charge which covered the question as to what was neces-
sary to constitute a ratification; and although the plaintiff
claimed a ratification from other letters besides the one
especially named, he at the same time insisted that this, as
well as the others, was a ratification, and in the absence of any
directions to the jury as to any of them, the request was
right and should have been granted.   The defendants had a
right to an affirmative charge upon the proposition made.

   The other requests to charge I am inclined to think were
properly refused; but, inasmuch as a new trial must be

granted for the error already stated, it is not necessary to dis-
cuss them.

New trial granted, with costs to abide the event.