THE COMMISSIONERS OF CHARITIES AND CORRECTIONS OF THE COUNTY OF KINGS, RESPONDENTS, v. PATRICK C. O'ROURK, APPELLANT, IMPLEADED WITH PETER O'ROURK.

*Undertaking given on the conviction of a husband for abandoning his wife in Kings county — 1871, chap. 395 — a surety thereto cannot deny that the complainant was the principal's wife.*

This action was brought upon an undertaking given by the defendants, under chapter 395 of 1871, relating to proceedings against husbands who abandon their wives in Kings county. The undertaking recited the conviction of the principal of abandoning his wife; that he had been required by the sentence to give security for the payment of four dollars a week for the support of his wife, and it was conditioned for the payment of that sum for the term of one year.

An action, brought upon the undertaking after a failure of the husband to comply therewith, was defended by the surety upon the ground that the woman who made the complaint, and for whose benefit the money was directed to be paid, was not the wife of the principal.

*Held,* that the surety was estopped, by having signed the undertaking, from interposing that defense.

*Duffy* v. *The People* (6 Hill, 75) distinguished.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court without a jury.

*Thomas J. L. McManus*, for the appellant.

*A. Simis*, for the respondents.

DYKMAN, J. :

The foundation of this action is an undertaking executed by the defendants in pursuance of the provisions of chapter 395 of the Laws of 1871, relating to proceedings against men who have abandoned their wives in the county of Kings. By the terms of the bond the defendants acknowledge that the principal owes the people of the State of New York the sum of $300. Then follows a recital that whereas the above bounden, Peter O'Rourk, was duly convicted by a police justice of the criminal offense of having on the 14th day of July, 1883, at the city of Brooklyn, abandoned his wife without adequate support, and neglected to provide for her according to his means, with which offense he was charged upon the oath of Lizzie O'Rourk, and upon such conviction, in addition to the sentence passed, was required by said police justice to give security in the sum of $300 to be of good behavior, and to pay the sum of four dollars weekly for the support of his said wife to the Commissioners of Charities and Corrections of the county of Kings for the term of one year from the date. The condition is that if. the named Peter O'Rourk shall be of good behavior towards the people of the State of New York for the term of one year, and pay the sum of four dollars weekly for the support of his said wife to the Commissioners of Charities and Corrections of the county of Kings for the term of one year from the date thereof, which was the 6th day of September, 1883, then the instrument was to be void, otherwise of force. The breach alleged against the defendant is the failure to pay the money. The defense set up is that the conviction recited was for the abandonment by the principle defendant of his wife Lizzie O'Rourk, and his failure to support her, and that the bond was given to relieve the county of Kings from the support of Lizzie O'Rourk as a pauper, and to compel Peter O'Rourk to support her. It is then alleged that Lizzie O'Rourk was not the wife of Peter O'Rourk. The answer is by the surety, who alone defends

the action. When the parties came to the trial, therefore, the only testimony requisite on the part of the plaintiffs was proof of the execution of the bond, and the breach of the condition by a failure to pay the money in accordance therewith. In relation to these facts there was no dispute, and then it was admitted that the defendant named in the record of conviction and one Catherine Gough was married on the 15th day of April, 1880; that they were both living and have not been divorced; that a marriage ceremony was performed between the same defendant and Lizzie Fitzgerald, June 21, 1883, and that the proceedings against the defendant, resulting in his conviction, and the undertaking in question were for abandoning and failing to support this same Lizzie Fitzgerald as his wife. Then it was the claim of the answering defendant, as it is now on appeal, that he can litigate again in this action the liability of his principal to support the woman who instituted the proceedings eventuating in the conviction and the bond in suit. This was ruled against him on the trial and must be so ruled here. He says himself in his answer, that this same woman instituted the original proceedings charging that she was the wife of his principal; that he had abandoned her, and that he was convicted of such abandonment, and the bond in suit was given to relieve the county from supporting the woman as a pauper and to compel the principal to support her, as he was compelled by law to do, as his wife. Thus showing, himself, a submission to the conviction as legal, and the execution of a bond as a security for the performance and fulfillment of the adjudication. What is now proposed might have been shown on the trial in the original proceedings and might have constituted a complete defense therein, and the fair presumption is either that such matter was not offered there, or was offered and rejected, and the defendant acquiesced and gave the bond in suit. In either case he is concluded. The judgment of conviction must be deemed conclusive and the defendant cannot plead the invalidity of the bond. (*Embury* v. *Conner*, 3 N. Y., 511; *Fay* v. *Ames*, 44 Barb., 327; *Westervelt* v. *Smith*, 2 Duer, 449.) This statute is not like the provision of the Revised Statutes which makes a man who neglects to support his wife, a disorderly person, because on a conviction under that statute the defendant is required to find surety that he will be of good behavior for one year and the committing

of any of the acts which constitute the person so bound a disorderly person is made a breach of the condition. So that, in an action for the enforcement of such a bond, proof would be necessary that the defendant had committed some of the acts which constituted him a disorderly person under the original proceedings; and then as the abandonment of his wife would constitute an essential element in such proof the defendant might show that he had no wife to abandon. His conviction under the first proceedings would not be evidence, if subsequent conduct constituted him a disorderly person, and so would not conclude him on the second trial. *Duffy* v. *The People* (6 Hill, 75) is an authority for such a case and has no appli- cation here. The action is properly prosecuted in the name of the present plaintiffs, because by virtue of the Laws of 1880 (chap. 284) they succeeded to the power conferred on the superintendents of the poor by chapter 395 of the Laws of 1871.

There is no error in the record and the judgment should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.