NEW-YORK,
May, 1828.

Bartlett
v.
Campbell.

In a suit a-
gainst one on
a joint and sev-
eral promise of
indemnity by
two, notice to
one is notice to
both. And no-
tice to the par-
ty not sued,
will charge him
who is sued. (a)

## BARTLETT *vs.* CAMPBELL.

ERROR to Monroe common pleas. The plaintiff, as a con-
stable, by virtue of an execution in favor of Joseph Jeffords,
levied on a pair of horses, waggon and sleigh, in possession
of William Shaw, and received for his indemnity an instru-
ment in writing, in the following words : " I hereby agree
to indemnify S. B. Bartlett against all damages he may sus-
tain by levying on a span of horses now in the possession of
Wm. Shaw. March 7, 1826. (Signed) Joseph Jeffords. Ben-
jamin Campbell, security." The plaintiff sold one of the
horses, and was sued by Alexander Shaw, who claimed to be
the owner of the horse, and a judgment was recovered against
the plaintiff for $41 by default, which he paid, and now claim-
ed to recover the amount of the defendant.

In a justice's court where these proceedings were originally
commenced, the plaintiff declared on the above instrument.
The defendant plead, besides the general issue, that the
plaintiff suffered a default in the suit against him, which
might have been defended successfully ; and that notice of
that suit was not given to the present defendant, during its
pendency. The plaintiff replied, that notice had been given.
A verdict having passed against the plaintiff in the justice's
court, he appealed to the common pleas ; and on the trial in
that court, the plaintiff proved the recovery against him by
Shaw, and the payment of the money. Notice of the suit
was shewn to have been given to Jeffords, one of the signers
of the instrument, but not to Campbell, who was a merchant
in Rochester, but at the time of the suit was absent from
home, on a journey to Ohio. The court decided that the plain-
tiff must be nonsuited for the want of notice to Campbell of
the pendency of the suit : to which decision the plaintiff ex-
cepted. Subsequently, further evidence was given on the

---

(a) That notice was necessary in this case, see 7 *Johns.* 171 ; 6 *Johns.* 158 ;
1 *Johns.* 518 ; 7 *Cranch,* 308 ; *Cro. Eliz.* 674 ; 2 *Haywood,* 226, 282 ; 5 *Bin-
ney,* 184 ; 4 *Binn.* 356 ; 1 *Starkie on Ev.* 189, *n.* 1 ; 1 *Nott & M'Cord,* 201.

part of the plaintiff, and the defendant was permitted by the court, though objected to by the plaintiff, to prove that the title of A. Shaw to the horse, for the sale of which he had recovered the judgment against the plaintiff, was fraudulent and void, and on that ground the jury found a verdict for the defendant. The case came before this court on a bill of exceptions. It was submitted on written briefs.

NEW-YORK,
May, 1828.

Bartlett
v.
Campbell.

*S. Boughton,* for plaintiff.

*S. L. Selden,* for defendant.

*By the Court,* SAVAGE, C. J.   The contract of indemnity was either joint or several, at the election of the plaintiff, Bartlett. It is contended by the plaintiff in error, that notice was not necessary to be given, upon an undertaking to indemnify ; that the defendants were bound to take notice, at their peril, of any action brought against the plaintiff. I need not cite cases to show that notice is necessary ; but the main question, if not the only one in the case, is whether notice to Jeffords was not notice to both. It is conceded that if this suit had been brought against both Jeffords and Campbell, the notice given to Jeffords would have been sufficient to justify a recovery against both. Jeffords was the principal in the undertaking to indemnify, and Campbell was the surety. If notice to one would justify a recovery against both, it must be on the ground that the notice was sufficient. If sufficient to make both liable, can it make any difference whether the suit is brought against both separately or jointly ? The notice, I apprehend, was sufficient. It was clearly so as to Jeffords ; and if the contract is joint, then it was good as to both. And if the contract had not been several as well as joint, there never could have been a question about it. It is necessary to distinguish between liability itself and the remedy by which that liability is to be enforced. If it be conceded that the defendant was liable to pay in any form of action, it must be upon the ground that he had sufficient notice of the suit against the plaintiff. If once liable, the plaintiff may enforce that liability in any form of action which the contract will justify.

NEW-YORK,
May, 1828.

Being of opinion that the court erred on this point, I think the judgment must be reversed, and a *venire de novo* awarded to Monroe common pleas.