[ PHILADELPHIA, JANUARY 13TH, 1840. ]

## EAGLES and Another *against* KERN.

IN ERROR.

1. Under the act of 20th of March, 1810, a judgment against a constable for the amount of an execution is conclusive upon his sureties.

2. In an action thereupon against the sureties of a constable to recover the amount of such judgment, it was *held,* that evidence was not admissible to show that the constable had lent the money to the plaintiff.

ERROR to the Common Pleas of Monroe county.

John Kern brought an action before a justice of the peace against Alexander Eagles and D. S. Miller, the sureties of one John Pugh, a constable, upon the official bond given by the constable with them. Judgment was given by the justice in favour of the plaintiff. An appeal was taken to the Common Pleas, where the cause came on for trial before JESSUP, President, on the 4th of December, 1838.

The plaintiff after proving the bond executed by the constable and the defendants, gave in evidence a transcript from the record of a justice of the peace of an action brought by himself against the constable on the 3rd of October, 1837, to recover money collected by the constable in a suit against Jacob Dreher and Henry Setzer. It appeared from this transcript that the constable confessed a judgment to the plaintiff for seventy-one dollars eighty-nine cents, the amount of the debt and interest, and that an execution issued upon this judgment which was returned *nulla bona.*

The defendants then offered to prove that on or before the return of the execution issued in the suit brought for the plaintiff against Dreher and Setzer, John Pugh, the constable, had collected the money and that being in his hands it was lent by him to John Kern, the plaintiff.

The Court however rejected the evidence and a verdict was had for the plaintiff, whereupon the defendants took this writ of error.

(Eagles *v.* Kern.)

Mr. *Ihrie,* for the plaintiffs in error, argued, that the evidence ought to have been admitted.

Mr. *Hepburn,* contra, relied on *Masser* v. *Strickland,* (17 Serg. & Rawle, 354.)

PER CURIAM.—It is impossible to distinguish this case from *Masser* v. *Strickland.* Judgment has been had against the constable for an official default; and according to the principle of that case, it conclusively establishes the fact in a proceeding against his bail.

Judgment affirmed.