The defendants' bond is upon condition, to be void, if Chester Hubbell shall, well and faithfully, in all things, perform and execute the duties of deputy sheriff of the county of Delaware, without fraud, deceit or oppression. The bond was given to the Sheriff upon Hubbell's appointment as deputy, and its apparent object is to secure the sheriff on account of any malfeasance or nonfeasance of the deputy, in his office.
The sheriff was sued for Hubbell's permitting chattels on which he, as deputy, had levied, to be taken out of his possession and disposed of. Of this suit, Hubbell had notice, but the sureties were not notified. A recovery was had against the sheriff, the record of which was given in evidence in this case, under exception. It subsequently was offered to be proved that none of the property levied on belonged, at the time of the levy, to the defendant in the execution. Upon this offer the question arises whether under *Page 407 
the circumstances, a breach of the condition of the bond, was conclusively established against the sureties in the bond, by the recovery against the sheriff, after notice of the suit and an opportunity to defend it, being given to Hubbell.
The general rule is certainly clear that none but parties or sureties are concluded by a judgment. If no notice had been given to Hubbell of the suit against the sheriff, there would have been no pretence for saying that he could be concluded by the recovery against the sheriff. The terms of the condition of this bond do not bring it within the class of cases, in which an indemnitor is concluded by the result of a suit against the person whom he has undertaken to indemnify, upon the ground that such is the fair interpretation of the terms of the contract. This condition is only that he will do his duty as deputy sheriff. In the class of cases alluded to, the contract of indemnity is held to stipulate for the result of a litigation to which the indemnitor is not a party, and to make his liability depend merely upon that result. The case of Douglass v. Howland (24 Wend., 35), fully discusses this question, and shows that the cases which have applied it are not departures from or exceptions to the general rule that a judgment concludes only parties and privies, but do not fall within that rule at all, being dependent only upon the principle that one may contract to to be answerable to another upon such lawful conditions as he pleases. Lee v. Clark (1Hill, 56), and Duffield v. Scott (3, T.R., 374), stand upon that ground. Raplye v. Prince (4 Hill, 119), is another instance of the application of the same principle, where the court say "when one covenants for the results or consequences of a suit between other parties, the decree or judgment in such suit is evidence against him, although he was not a party."
It is, however, well settled, where parties sustain the relation which existed between the parties to this suit, that the party entitled to be indemnified may throw upon the indemnitors the burthen and risk of the primary litigation, by *Page 408 
giving to them the opportunity of defending the original suit. (Kip v. Brigham, 6 John., 158.) It then becomes the defence of the indemnitors, and they are concluded by its results, at least in the absence of fraud or collusion between the prosecuting party and him whom they are bound to defend. In this case notice was given to Hubbell, but not to the other obligors, and the question is whether they are concluded by the former recovery.
The only decided cases in this state, which seem to favor the view that they are liable, is Bartlett v. Campbell (1Wend., 50) and Westervelt v. Smith (2 Duer, 449). InBartlett v. Campbell, notice of the previous suit had been given to the principal indemnitor, but not to the surety, and the court said that, for this defect, the plaintiff must be nonsuited; but they did not grant the nonsuit. The plaintiff gave other evidence, and the defendant was allowed to contest the question of fact on which the original recovery was based, and upon that question the jury found for the defendant. On writ of error to the Common Pleas, the question really presented to the Supreme Court was, whether the original recovery was conclusive upon the party who had no notice. For, admitting the record to have been prima facie evidence, the defendant had overthrown it by obtaining a verdict against the fact on which it was founded. The case was considered by the court upon a concession of the defendant's counsel that if the form of the suit had been upon the contract as joint, notice to one of the indemnitors would have sufficed; and the conclusion of the court is worked out upon that assumption. This case can therefore scarcely be regarded as an authority to sustain the judgment now under review; and in principle it is in direct conflict with the rule as to the effect of a judgment against joint debtors, where one only is served with process and appears in the suit.
The case of Westervelt v. Smith was reviewed in this court, and put upon the ground that it fell within the class of *Page 409 
cases before alluded to, in which one has stipulated to be bound by the event of a suit between strangers.
There is therefore no reason why this case, in which the language of the condition admits of no similar construction, should be taken out of the general rule which declares the effect of judgments as to strangers, that they conclusively prove remipsam and nothing else.
The judgment should be reversed and a new trial ordered.
COMSTOCK, SELDEN, DENIO and PAIGE, Js., concurred; BOWEN and SHANKLAND, Js., were for affirmance.
Judgment reversed and new trial ordered.