## STATE OF IOWA;

### DES MOINES, JUNE TERM, A. D. 1863.

IN THE EIGHTEENTH YEAR OF THE STATE.

---

PRESENT:

Hon. CALEB BALDWIN, Chief Justice.
" GEORGE G. WRIGHT, } Judges.
" RALPH P. LOWE, }

---

### CHARLES v. HOSKINS *et al.*

1. JUDGMENT AGAINST PRINCIPAL, PRIMA FACIE EVIDENCE AGAINST SURETIES. The liability of the surety is dependent upon that of the principal; and where the principal has been adjudged liable in an action to which the sureties are not parties, it *prima facie* establishes the liability of the sureties, but the sureties may impeach such judgment for fraud, collusion or mistake.

*Appeal from Woodbury District Court.*

TUESDAY, APRIL 7.

HATTENBACK recovered a judgment against Hoskins, as sheriff of Woodbury county, for the wrongful act of said sheriff, in levying an execution on the property of plaintiff to satisfy the debt of Heinaman & Gambert. This judgment remaining unsatisfied, Charles, who holds by assignment, brings this action upon the official bond of said Hoskins, against the principal and his sureties. The defendants filed separate pleas, to which there were demurrers. These were overruled, judgment thereupon rendered for defendant, and plaintiff appeals.

*Casady & Polk* for the appellants.

*Tho. F. Withrow* and *Hudson & Joy* for the appellee.

WRIGHT, J.— A new trial has been granted in the original case of *Hattenback* v. *Hoskins, ante,* and it seems almost, if not quite, unnecessary, therefore, to pass upon the questions made in this. As counsel have presented this cause, however, we shall dispose of one, and that the leading and controlling point in it.

The sureties, without alleging fraud or collusion, by their third plea seek to go back of the judgment against the principal, and to show that his act in levying upon the property referred to by plaintiff was not wrongful; for that at the time of the levy, said property belonged to the defendants in the execution, Heineman & Gambert, and not to Hattenback, the claimant. It is conceded that this was the precise question litigated in the original action, but the sureties now insist that the judgment therein rendered is neither conclusive nor *prima facie* evidence against them.

The authorities are not uniform upon the question, but it is believed that the better reasoning is in favor of the

doctrine that the judgment is at least *prima facie* evidence against the sureties. "When one is responsible by force of law or by contract for the faithful performance of the duty of another, a judgment against that other for a failure in the performance of such duty, if not collusive, is *prima facie* evidence in a suit against the party so responsible for that other. If it can be made to appear that such judgment was obtained by fraud or collusion, it will be wholly set aside. But, otherwise, it is *prima facie* evidence, to stand until impeached or controlled, in whole or in part, by countervailing proof." *City of Lowell* v. *Parker et al.*, 10 Met., 309, and see also the following cases: *McLaughlin* v. *The Bank of Potomac et al.*, 7 How., 220; *Masser et al.* v. *Strickland*, 17 S. & R., 354; *Evans* v. *Commonwealth*, 7 Barr, 265; *Drummond* v. *Prestman*, 12 Wheat., 515.

The principle governing is, that the liability of the surety is dependent upon that of the principal. Though not a party, the surety is not a stranger to the judgment. He covenants that his principal shall discharge certain official duties. When it is once fairly determined by a competent judicial tribunal that there has been a breach of the official undertaking, the liability of the surety *prima facie* attaches, whether he was a party to the action adjudging the breach or not. In an action against him the surety may show fraud or collusion in obtaining the judgment against the principal, or he may show a mistake in the amount, or that it has been paid. *Bergen* v. *Williams*, 4 McLean, 125. And as the surety could claim the benefit of a judgment in favor of his principal, so he is concluded, as above explained, by a judgment against him. Or as applied to this case, the wrongful conversion of the goods by Haskins, as sheriff, has been once determined by a court of competent jurisdiction; and as the plaintiff cannot recover against the sureties a larger amount than that adjudged against the

principal, neither can the sureties go behind such judgment and relitigate the question thus already determined.

Reversed.