Fay *v.* Ames.

Judgment accordingly.

[MONROE GENERAL TERM, September 5, 1865.   *James C. Smith, Johnson* and *E. Darwin Smith,* Justices.]

---

LEWIS D. FAY *vs.* AMBROSE AMES, impleaded with E. Howard Ames and Alfred H. Stone.

In an action by a sheriff upon the bond given by a deputy sheriff, on receiving his appointment, to indemnify the sheriff against his acts or omissions as such deputy, the surety in such bond is concluded by a judgment recovered against the sheriff in an action brought against him for the neglect of the deputy to collect an execution, of which action the deputy had notice, and which he defended; although no notice of such suit was given to the surety.

And the surety is not at liberty in such action upon the bond, to litigate over again the liability of the sheriff, in the former action; nor to prove facts

in exoneration of his principal which the latter set up as a defense in the former suit.

Where parties join in a bond of indemnity, as principal and sureties, they are in privity of contract with each other, and are to be regarded and treated, *quoad* the contract, and the rights and liabilities connected with and growing out of it, as one person. In such a case notice to one is notice to all.

APPEAL from a judgment entered on the verdict of a jury. The plaintiff was sheriff of Steuben county from 1856 to 1859. The defendant, E. Howard Ames, was one of his deputies, and the defendants, Ambrose Ames and A. H. Stone, were his sureties in the bond given by the deputy to the sheriff on receiving his appointment. Van Duzer & Jagger, of New York, recovered a judgment against Graham, Mallory and Miller, of Steuben county, for $474.13 and issued an execution thereon to the sheriff, (the plaintiff,) who received it on the 7th of April, 1857, and sent it to his deputy,. Ames, for collection. The latter levied it on the goods of Graham and Mallory, on the 9th of April, 1857. Afterwards, Van Duzer & Jagger sued the sheriff for negligence in not collecting this execution, of which suit E. Howard Ames had notice, and he employed counsel and defended it. On the 25th day of October, 1861, Van Duzer & Jagger recovered a judgment, in that action, against the sheriff, for $761.63 damages and costs, which the plaintiff, Fay, paid on the 27th of November, 1861. The present action was brought upon the bond given by E. Howard Ames and his sureties, to the sheriff, to recover the amount of the said judgment, which the plaintiff had been compelled to pay by reason of the negligent acts and omissions of the said E. Howard Ames. On the trial the plaintiff proved the forgoing facts and rested. The defendant, Ambrose Ames, (who appeared and defended separately,) moved that the complaint be dismissed, as to him, on the ground that, as against him, there was no evidence of negligence on the part of his principal, E. Howard Ames. The court denied the motion, and the counsel of said Ambrose Ames excepted. The said

defendant then offered to prove that the plaintiff had re-covered a judgment against one Mallory, for the wrongful taking and converting of the goods, after the levy, and that the plaintiff still held such judgment against Mallory, amounting to $751.73. The plaintiff's counsel objected; the court sustained the objection; and the defendant's counsel excepted. The defendant Ambrose Ames then testi-fied that he had no notice of the pendency of the action of Van Duzer & Jagger against Fay. That he never knew or heard of it until after judgment was recovered in it, against Fay. He also proved by E. Howard Ames that he never spoke to him (Ambrose) about the suit. He then offered to prove that a part of the goods levied on by deputy sheriff Ames was accidentally destroyed by fire, without any fault or neglect of the deputy, and that the balance was wrongfully taken from him without his fault or neglect; to which the plaintiff's counsel objected; the court sustained the objec-tion, and the counsel of Ambrose Ames excepted.

The court charged the jury that if the defendant, E. How-ard Ames, had notice of the commencement of the action brought by Van Duzer & Jagger against Fay, for the cause of action set forth in the complaint in that action, and assumed the defense of it, the judgment in that action was evidence, against all the defendants in the present action, of the facts found by that judgment; to which charge the counsel for Ambrose Ames excepted. The said counsel then requested the court to charge that the judgment recovered by Van Duzer & Jagger against Fay, if he, Ambrose Ames, had no notice, was no evidence, against him, of negligence or misconduct of the defendant E. Howard Ames, as deputy sheriff. The court refused so to do, and the defendant's counsel excepted. The jury found a verdict in favor of the plaintiff, for $831.68.

*H. Sherwood,* for the appellant. I. The motion to dismiss the complaint as to the defendant Ames should have been granted by the court.

II. The court erred in excluding the evidence offered by 'the defendant, that the plaintiff had recovered judgment against Mallory for the wrongful taking and conversion of the goods.

III. The court erred in excluding the proof offered by the defendant Ambrose Ames, that a part of the goods levied on were destroyed by fire, and the balance were wrongfully taken from the deputy sheriff without his fault or neglect. (*Thomas* v. *Hubbell,* 15 *N. Y. Rep.* 405, *and cases there cited. Browning* v. *Hanford,* 5 *Hill,* 588, *and cases there cited.*)

IV. The exception taken to the charge of the judge was well taken.

V. The exception taken to the refusal of the court to charge as requested by the counsel of the defendant was well taken.

*D. Rumsey,* for the respondent. I. The judgment in favor of the plaintiff as sheriff, against Mallory, was correctly excluded by the judge, and upon the right ground. It could have no effect unless it was paid, to discharge the plaintiff's claim ; and it was. conceded it was not paid.

II. The contract of indemnity, in this case, belongs to that class in which the indemnitor stipulates for the result of a litigation to which he is not a party, and makes his liability depend on that result. Therefore the record of judgment in favor of Van Duzer & Jagger against the present plaintiff was competent and conclusive evidence against all the defendants. It is conceded that notice of the Van Duzer & Jagger suit was given to the deputy, and that the same was defended by him. The judgment was therefore conclusive upon him. (*Kip* v. *Brigham,* 6 *John.* 158.) The plaintiff was defendant in that action, and was therefore bound by the result of it. He has paid the judgment, after execution issued. The judgment in favor of Van Duzer & Jagger was at least *prima facie* evidence against the defendant, Ambrose Ames, without any notice to him of the .pen-

dency of the action. (*Westervelt* v. *Smith*, 2 *Duer*, 450. *Tyler* v. *Ulmer*, 12 *Mass. Rep.* 164. *City of Lowell* v. *Parker et al.* 10 *Metc.* 309. *Train* v. *Gould*, 5 *Pick.* 380.) The evidence offered by the defendant, of the destruction of a part of the goods by fire, and of the wrongful taking of the remainder from the deputy, was not sufficient to rebut the *prima facie* effect of the judgment; for such evidence would not have been a defense in the Van Duzer & Jagger suit. It is admitted that if the bond in this case had been simply conditioned that E. H. Ames should perform the duties of deputy sheriff without fraud, deceit or oppression, then the judgment would not have been any thing more than *prima facie* evidence that he had failed to do so, and the case would have been like that of *Thomas* v. *Hubbell*, (15 *N. Y. Rep.* 405.) But the bond goes further, and agrees to indemnify the plaintiff and save him harmless of and from all manner of costs, charges, damages and expenses which he may incur or be put to by reason of any act or omission of the said deputy. In this respect the case is almost identical with *Westervelt* v. *Smith*, (2 *Duer*, 450,) which was affirmed in the court of appeals, on the ground that it came within the class of cases where one has stipulated to be bound by the event of a suit between strangers. (*Thomas* v. *Hubbell, supra.*)

In *Bartlett* v. *Campbell*, (1 *Wend.* 50,) it is held that notice of a suit, given to one party in a joint and several bond of indemnity, is notice to both parties. See also *Lee* v. *Clark*, (1 *Hill*, 56,) where it is held that where one stipulates to pay or *indemnify* a party, a verdict against the latter is *prima facie* not to say conclusive evidence against him, although he is not notified of the former suit.

*By the Court*, WELLES, J. There can be no doubt that the judgment in the action against the plaintiff, in favor of Van Duzer & Jagger, was at least *prima facie* evidence of the facts it establishes, which show the clear liability of the

present plaintiff, in that action. The appellant, however, offered to prove, on the trial, facts which he claimed excused his principal, the deputy sheriff, and by relation the sheriff, from liability to Van Duzer & Jagger. If the facts so offered would, if proved, have had that effect, the evidence should have been received, unless the appellant was concluded by the judgment against the plaintiff. The deputy, E. Howard Ames, had due and timely notice of the commencement of the action against the plaintiff, and took upon himself the defense, in which the same matters offered on the trial in the present action to be proved, were set up ; but as to whether the appellant had notice, the evidence was contradictory. So much so that the jury would have been justified in finding either way.

On the hypothesis that the appellant was not concluded by the judgment, without notice, the evidence offered should have been received, and the question of notice to him submitted to the jury with instructions to find for the plaintiff if they found notice had been given, and if notice had not been given, to find for the appellant, provided the offer was sustained by sufficient evidence.

The only question, therefore, on this appeal, is, whether the appellant was concluded by the judgment against the plaintiff ; or whether he is at liberty to litigate over again, in this action, the sheriff's liability in the action against him. My opinion is, both upon principle and authority, that the appellant is concluded by the judgment against the plaintiff.

The obligors upon the deputy sheriff's official bond, who are the defendants in this action, became jointly as well as severally bound, among other things, that the deputy sheriff, who was one of the obligors, should well and sufficiently indemnify and keep harmless the plaintiff from and of all manner of all costs, charges, damages and expenses which he might incur or be put to by reason of any act or acts, omission or omissions of Ames, the deputy, in or about the execution of the office of deputy sheriff. The sheriff has

been prosecuted for the acts of the deputy, and the latter had notice of the prosecution, and defended the action, and judgment was recovered against the sheriff, who has been compelled to pay the same. And he now calls upon the obligors to keep their covenant of indemnity, which can only be done by their responding to him the amount of such judgment, with interest. The appellant denies that, as to him, the covenant has been broken, and offers to prove facts in exoneration of his principal which the latter has once set up as a defense, in the action against the sheriff, but in which he failed to succeed. He says, virtually, that if he had had notice of the action against the sheriff, in proper time, he could have made the defense successful. I admit the existence of the general rule that a judgment is conclusive only against parties and privies. To this, however, there are exceptions. The defendants being jointly bound to indemnify the plaintiff, they were in privity of contract with each other, and are to be regarded and treated, *quoad* the contract, and the rights and liabilities connected with and growing out of it, as one person. In such a case notice to one is notice to all, on the same principle as where two or more persons are shown to be jointly bound by a contract, the acts and admissions of either are binding upon all the others, to the same extent as upon the one doing the acts or making the admissions.

It was no part of the plaintiff's agreement with the sureties in the bond that they should have notice of suits brought against him for the misconduct of the deputy; and their liability as indemnitors was not made to depend upon such notice. The law indeed required notice to the deputy, in order that he might defend, and discharge himself from the misconduct imputed to him, and for the purpose of rendering the judgment against the sheriff conclusive, if one should be obtained. I think notice to either of the joint obligors would have been sufficient, for the reasons already given. But the notice was very properly given to the deputy, whose

conduct, only, was called in question, and who is presumed to have known the facts and circumstances far better than his sureties or the sheriff. If, in addition to giving notice to the deputy, notice had been given to the sureties also, it would have been little more than an idle and useless ceremony, as it is to be presumed that all they would or could have done would have been to refer the matter to their principal, the deputy, and cast the burthen of the defense upon him, as the sheriff has done.

By a fair and reasonable interpretation of the condition of the bond, the parties contemplated that actions might be brought against the sheriff for the acts or omissions of the deputy, and the covenant of indemnity in the condition was inserted to provide for such contingencies.

I think also that the authorities sustain the position that the judgment, under the circumstances, was conclusive against all the joint obligors. In *Westervelt* v. *Smith*, (2 *Duer*, 449,) the bond was, in respect to the clause of indemnity, substantially like the condition of the bond in the present case. The sheriff had been sued for the neglect of his deputy in not collecting an execution. The deputy had due notice of the commencement of the action against the sheriff, but the defendant Smith, the surety for the deputy, had no notice. The superior court of New York held the surety liable. The court of appeals affirmed the judgment, on the ground that it fell within the class of cases in which the indemnitor is concluded by the result of a suit against the person whom he has undertaken to indemnify, and that such was the fair interpretation of the contract. The case in the court of appeals is not reported, but the ground of the decision is stated in the opinion of the court in *Thomas* v. *Hubbell*, (15 *N. Y. Rep.* 405.) *Bartlett* v. *Campbell*, (1 *Wend.* 50,) can not be distinguished in principle from the case at bar. (*See also Duffield* v. *Scott*, 3 *T. R.* 374.)

The appellant relies upon the case of *Thomas* v. *Hubbell*, *supra*, to show that in order to have the judgment against

Fay *v.* Ames.

the sheriff conclusive upon the sureties of the deputy, notice must be given to them in time, to defend the action against the sheriff. That was an action upon the official bond of a deputy sheriff, executed with sureties, to the sheriff, conditioned that the deputy should "well and faithfully in all things perform and execute the duties of deputy sheriff, without fraud, deceit or oppression." A judgment was recovered against the sheriff for the alleged misconduct of the deputy, in a suit of which the deputy had notice, with a request to defend, but the sureties had no notice. The court held that the sureties were at liberty to prove facts which would have established a good defense in the action against the sheriff; and that there was no reason why that case, in which the language of the condition admitted of no such construction as was given to the condition of the bond in the case cited from 2*d Duer*, should be taken out of the general rule, which declares the effect of judgments, as to strangers, that they conclusively prove *rem ipsam*, and nothing more. The case is, therefore, not an authority in favor of the appellant, but on the contrary, sustains the proposition that the present belongs to the class of cases which forms an exception to the general rule as to the effect of a judgment, upon persons not parties to the record.

For the foregoing reasons, I am of the opinion that the judgment should be affirmed.

Ordered accordingly.

[MONROE GENERAL TERM, December 7, 1863. *Johnson, E. Darwin Smith* and *Welles,* Justices.]