## LYON v. NORTHRUP.

1. Judgment ON REPLEVIN BOND. A judgment against the surety on a replevin bond is, *prima facie*, the measure of his damages in an action against the obligor in a bond executed to indemnify him for becoming such surety.

2. Pleadings: ADMISSION. Allegations distinctly made in the petition, and undenied in the answer are to be taken as admitted.

3. Payment OF JUDGMENT: CHECK. The delivery of a check in payment of a judgment, if accepted as such, is a sufficient satisfaction.

*Appeal from Dubuque District Court.*

MONDAY, OCTOBER 24.

THE defendant executed and delivered to Wm. Rebman a bond conditioned to save said obligee "harmless from

all damages or loss he may or shall suffer, by reason of the signing of the replevin bond," as surety for one Gaines, who had brought replevin against M. M. Hayden, sheriff, &c., for goods seized by said sheriff under a writ of attachment against said Gaines in favor of Bartlett." The replevin suit failed, and Rebman was sued on the replevin bond and judgment rendered against him for $911$\frac{2.9}{100}$, which he paid by the check of D. E. Lyon. Rebman then assigned the indemnifying bond to Lyon, who brought this suit thereon. There was a trial by a jury; verdict and judgment for plaintiff, and defendant appeals. The further necessary facts will be found stated in the opinion of the court.

*Adams & Robinson* for the appellant.

*Thomas M. Monroe* for the appellee; *D. E. Lyon, pro se.*

COLE, J. — I. Upon the trial of this case, after the plaintiff had introduced in evidence, the indemnifying bond given by defendant, he offered in evidence the record entry of judgment against Rebman on the replevin bond, to which the defendant objected so far as the same was offered to show the extent of defendant's liability, because he was not a party to the suit. The court admitted the judgment entry, subject to such instructions as should be given to the jury. The court afterwards instructed the jury that "the judgment is at least *prima facia* evidence of the claim of Rebman on this bond; and when this is followed up by proof that he has paid the whole amount of the judgment thereon, in order to obtain his discharge therefrom, it is good evidence of the amount of his claim, unless the defendant by affirmative proof on his part, shows that it is not the true measure of the damages."

This ruling of the District Court is in substantial accordance with the decision of this court in the case of *Charles*

1. JUDG-MENT on replevin bond.

v. *Hoskins et al.*, 14 Iowa, 471, and with the authorities there cited, see, also, *Chicago City* v. *Robbins*, 2 Black, 418; *The State of Ohio* v. *Jennings*, 14 Ohio State, 73, and authorities cited. It is, however, claimed that the judgment against Rebman, was rendered by consent, and that such fact would destroy the *prima facie* credit to which it would otherwise be entitled. It is not clearly certain by the record entry of judgment that the amount of the judgment was fixed by the court from the consent of the parties. Without determining this fact, there are certain other facts connected with this branch of the cause, sufficient in our minds to overcome this fact, if true.

The plaintiff, in his petition, distinctly avers the recovery of the judgment against Rebman, the grounds of the recovery, together with the date and amount and costs thereof. To these averments the defendant makes no answer; they are, therefore, to be taken as admitted. Rev., § 2917. The plaintiff offered to prove on the trial that the property replevied was of value equal to the amount of the judgment; but the defendant objected, and the proof was excluded. And no proof whatever was offered by defendant tending in any way to show that the judgment was for too much. Under these circumstances, we are not disposed to interfere with the action of the District Court on this branch of the case.

2. PLEADINGS; admissions.

II. The evidence shows that Rebman paid the judgment with the check of D. E. Lyon; and that such payment was made after a conference between Bartlett, the judgment plaintiff, and Rebman and Lyon, in which it was agreed that Lyon should let Rebman have his check on a bank for the amount of such judgment and costs, and that Bartlett would receive it in full satisfaction; and it was so done. The defendant asked the court to instruct the jury that if the judgment was paid with the money or check of Lyon, that plaintiff could

3. PAYMENT of judgment: check.

not recover for such payment; but the court refused to so instruct the jury, but added that the payment by the check was a payment with his own money, as much so as if he had drawn the money on the check and paid it over: And this is the only other error complained of in this court. There was no error in the modification made by the court. If the check was given to Rebman to be used by him as his own in the payment of the judgment, and was so used and accepted in satisfaction of it, the defendant cannot question either Rebman's property in it, or its value.

Affirmed