STEPHENS vs. SHAFER and another, imp.

*December 2 — December 16, 1879.*

PRINCIPAL AND SURETY: *Official bond: how far judgment against principal evidence against surety.*

A judgment against the principal in an official bond, appearing by the record to have been recovered for acts or omissions which would be a breach of the conditions of the bond, is admissible against the sureties, in an action upon the bond, as at least *prima facie* evidence of plaintiff's right to recover, and of the amount he is entitled to recover.

APPEAL from the Circuit Court for *Winnebago* County. The case is thus stated by Mr. Justice TAYLOR:

"The plaintiff, as sheriff of Winnebago county, appointed Stephen W. Race one of his deputies, and took from him a bond, with *Shafer* and *W. W. Race*, the appellants, as his sureties. The bond was joint and several, and was conditioned 'that Stephen W. Race should well and faithfully in all things perform and execute the duties of the office of deputy sheriff of the county of Winnebago, during his continuance in office as deputy sheriff, without fault, deceit or oppression, and should pay over all money that might come into his hands as such deputy sheriff which might be so required by law.'

" An action had been brought against the sheriff to recover the amount of an execution issued upon a judgment rendered in a justice's court, which had been placed in the hands of his deputy, Race, and which he had failed to collect; and in that action a recovery was had against the sheriff, on the ground of negligence on the part of the deputy in not levying upon the property of the defendant in the execution, he having sufficient to satisfy the same, and that afterwards the execution debtor went into bankruptcy, and the plaintiff was unable to collect his debt. Of this action the deputy, Race, had notice, and appeared and defended the same at his own expense.

" After judgment in that action, the sheriff commenced the present action upon the bond of the deputy. Upon the trial, the judgment upon which the execution was issued and placed in the hands of Race, was admitted. The plaintiff offered in evidence the execution issued upon such judgment, together with the return of deputy Race thereon, ' that after using due diligence, and making diligent search, he was unable to find any personal property wherewith to satisfy the execution;' and then offered in evidence the judgment roll in the said action against the plaintiff. Defendants *W. W. Race* and *Shafer* objected to the judgment roll as evidence against them

on several grounds; but the court below overruled the objections and permitted the record to be received in evidence.

" Plaintiff gave evidence that he had paid the judgment recovered against him, and some other evidence, tending to show that the defendant in the execution had personal property in the county out of which the amount of the execution might have been realized, while the same was in the hands of the deputy, Race; but, as the court directed the jury to return a verdict for the plaintiff for the full amount of the judgment recovered against him in the former action, that evidence is not important in determining the questions relied upon by the appellants for a reversal of this judgment."

From a judgment in plaintiff's favor pursuant to the verdict returned by direction of the court as above stated, the defendants *Shafer* and *W. W. Race* appealed.

*Charles W. Felker*, for the appellants, upon the question decided by this court, cited 1 Greenl. Ev., §§ 523, 538–9; Brandt on Suretyship, 107; 1 Starkie on Ev., § 32; 3 id., 1300; *Duchess of Kingston's Case*, per DE GRAY, C. J., 20 How. State Trials, 578; 9 Wheat., 681; *Gookin v. Sanborn*, 3 N. H., 491; *Tarbell v. Whiting*, 5 id., 63; 8 Wend., 512, 516; *Douglass v. Howland*, 24 id., 56; *Thomas v. Hubbell*, 35 N. Y., 121; 15 id., 405; 61 id., 356; *Beall v. Beck*, 3 H. & M. (Md.), 242; *Munford v. Overseers*, 2 Rand. (Va.), 313; *McKellar v. Bowell*, 4 Hawks, 41; *Lucas v. The Governor*, 6 Ala., 826; *Walker v. Forbes*, 25 id., 139; *Lartigue v. Baldwin*, 1 La. Cond., 356; *Snell v. Allen*, 1 Swan (Tenn.), 208; 27 Ohio, 498; *Pico v. Webster*, 14 Cal., 202; 10 id., 517; 7 Wis., 306; 36 id., 612. He also cited and distinguished *Duffield v. Scott*, 3 Term, 374; *Huzzard v. Nagle*, 40 Pa. St., 178; *Fay v. Ames*, 44 Barb., 327; *Rapelye v. Prince*, 4 Hill, 119; *Lee v. Clark*, 1 id., 56; *Westervelt v. Smith*, 2 Duer, 449; and *Crawford v. Turk*, 24 Gratt., 176 (which relate to bonds conditioned to indemnify against costs, damages and expenses which a sheriff might incur by reason of neglect or omission

of duty, and in which it is held that such conditions anticipate litigation to which the obligors would not be parties, and are stipulations to be bound by the event of a suit between strangers); *Irwin v. Backus*, 25 Cal., 214; *Heard v. Lodge*, 20 Pick., 53; *Governor v. Shelby*, 2 Blackf., 26; *State v. Coste*, 36 Mo., 437; *Annett v. Terry*, 35 N. Y., 256; *Garber.v. Commonwealth*, 7 Pa. St., 256; *Hobbs v. Middleton*, 1 J. J. Marsh., 176; and *Ralston v. Wood*, 15 Ill., 159 (where sureties on the bond of executor or administrator, or on a bail or appeal bond, and the like, have contracted with reference to the payment of money or property, or accounting therefor, or other *particular* act which by covenant their principals are bound to perform); and 44 Barb., 327; 2 Duer, 449; 5 Allen, 509; 8 Watts, 398; 17 S. & R., 354; and 5 Whart., 144 (where obligors upon a *joint* bond were held to be in privity of contract with each other, and regarded and treated, *quoad* the contract, as one person).

*Moses Hooper*, for the respondent, cited *State v. Jennings*, 14 Ohio St., 73; *State v. Colerick*, 3 Ohio, 487; *Westerhaven v. Clive*, 5 id., 136; *Westervelt v. Smith*, 2 Duer, 450; *Bartlett v. Campbell*, 1 Wend., 50; *Fay v. Ames*, 44 Barb., 327; *Drummond v. Prestman*, 12 Wheat., 515–19; *McLaughlin v. Bank of Potomac*, 7 How., U. S., 220; *Tracy v. Goodwin*, 5 Allen, 409; *Lowell v. Parker*, 10 Met., 309; *Prichard v. Farrar*, 116 Mass., 220; *Train v. Gold*, 5 Pick., 380; *Cony v. Barrows,* 46 Me., 498; *Dane v. Gilmore*, 51 id., 544–7; *Webbs v. State*, 4 Coldw., 199; 9 Yerger, 111; *Huzzard v. Nagle*, 40 Pa. St., 178; *Masser v. Strickland*, 17 S. & R., 354; *Evans v. Commonwealth*, 8 Watts, 398; *Charles v. Hoskins*, 14 Iowa, 471; *Lyon v. Northrup*, 17 id., 314; 2 Bibb, 453; *Bergen v. Williams*, 4 McLean, 125; Freeman on Judgm., § 180, and cases there cited.

Taylor, J. The complaint in the record of the action against the sheriff shows that plaintiff's cause of action in that

case was founded upon the neglect of the deputy, Race, as above set forth.

The only exception to the evidence in this case which it is material to consider, is that taken to the introduction of the judgment roll in the action against the sheriff. The learned counsel for the appellants insist that, as they were not parties to that action, and had no notice thereof, it was not evidence against them in this action for any purpose. It is not denied · but that it was properly received as evidence against Stephen W. Race, the deputy, as he had notice of the action, and defended the same, and was therefore bound thereby.

In the case presented by the record, the principal having had notice of the action against the sheriff for his default, and having appeared and defended that action, the judgment against the sheriff is just as conclusive against him as though the sheriff, after having been compelled to pay that judgment, had brought an action against his deputy for such neglect and misconduct, and had recovered judgment against him in that action.

The exceptions of the appellants present the question whether the sureties in an official bond are bound in any way by a judgment against their principal, in an action not brought upon such bond, for a breach of duty which they have covenanted against in such bond. After examining a great number of decisions in which the question has been discussed and decided, we think the great weight of authority, as well as the better reasons, are in favor of holding that the judgment against the principal is admissible as evidence against the sureties; and, without deciding how far and upon what points the same is conclusive, we hold that the same is at least presumptive evidence of the right of the plaintiff to recover, and of the amount of such recovery, when the execution of the bond is proved or admitted, and the record of the former judgment shows that the recovery was for acts or omissions the proof of which would show a breach of some one or more of the conditions of the bond.

It is urged by the counsel for the appellants that such judgment is "*res inter alios acta*," and therefore not admissible. We think otherwise. It will be remembered that in an action of this kind the plaintiff's right of action depends upon the fault or misconduct of their principal, and such fault or misconduct must be proved in the action in order to entitle the plaintiff to recover at all. It would seem, therefore, that a judgment against such principal, which is absolutely conclusive against him that he was guilty of such fault, ought to be at least presumptive evidence against his sureties of that fact.

It is evident that the sureties could, in an action against them, make use of a judgment in an action against their principal as a defense, when the judgment was in his favor.

Suppose in this case the sheriff had first brought his action against the principal, such principal not having had any notice of the proceedings against the sheriff, and in such action the jury had found a verdict in favor of the defendant, on the ground that he had not been guilty of any neglect in not collecting the amount of the execution; and after such verdict and judgment the sheriff had brought his action against the sureties in the bond of the principal, alleging the same neglect of the deputy as his cause of action: is it not evident that the sureties could use the judgment in favor of their principal as a complete answer to the plaintiff's cause of action? The judgment in favor of the principal in the former action would be conclusive evidence against the sheriff that he had not been guilty of the neglect charged against him. The sheriff could only recover in the action against the sureties by proof of the guilt of their principal, and, as between the sheriff and the principal, the question of his guilt would be *res adjudicata* in the first action. Such judgment would therefore be a complete bar to the action against the sureties.

Again, if the sheriff had sued the principal without joining the sureties, and had recovered a sum of money less than

he had been compelled to pay on account of the default of his deputy, and had then commenced a suit against his sureties, claiming a larger sum, it is also evident that the judgment against the principal would be conclusive in favor of the sureties as to the highest amount of damages he could recover against them. The judgment against the principal would be conclusive against the sheriff as to the extent to which he had been damaged by his default; and the sureties, who are to answer only to the extent of the injury sustained by the sheriff on account of the default of their principal, could avail themselves of the verdict in the former action to limit the amount of damages, and the sheriff would be as completely bound by the same as though he had expressly agreed that his damages did not exceed the amount of the former verdict.

These illustrations show that the judgment in the action against the principal is not entirely " *res inter alios acta* " as to the sureties. Such judgment, if adverse to the plaintiff, is conclusive in favor of the sureties, and in any event is conclusive as to the extent of damages which he may recover against them. This view of the question is maintained in the following cases: *Masser v. Strickland*, 17 S. & R., 354, 358; *Drummond v. Prestman*, 12 Wheat., 515, 519, 520; *Webbs v. State*, 4 Coldw. (Tenn.), 200, 202.

There is another view of the question which is well stated by a very able and learned judge, Chief Justice SHAW, in the case of *The City of Lowell v. Parker et al.*, 10 Met., 309, 315, which was also an action against the sureties on an official bond. In reply to the same objection which is made in this case, that the judgment against the principal was *res inter alios*, and therefore not admissible against the sureties, the learned chief justice said: " We think this objection cannot be supported under the circumstances of this case. When one is responsible, by force of law or by contract, for the faithful performance of the duty of another, a judgment against that other for the failure of the performance of such duty, if not

conclusive, is *prima facie* evidence, in a suit against the party so responsible for that other. If it can be made to appear that such judgment was obtained by fraud or collusion, it will be wholly set aside. But otherwise it is *prima facie* evidence, to stand until impeached or controlled, in whole or in part, by countervailing proofs."

Other courts have placed the admissibility of the judgment against the principal in evidence against the surety, in cases where the bond is the joint bond of the principal and surety, or their joint and several bond, on the ground that, as the judgment against the principal in the first action is conclusive against him in the second, it must have the same effect as against his coöbligors; and others on the ground that, in a case like the present, a notice to the principal, who is one of the coöbligors in the bond with the surety, is notice to all, and, therefore, all are bound by the judgment against the principal. These reasons for holding the judgment against the principal evidence against the sureties, were relied upon to some extent in the following cases: *Bartlett v. Campbell*, 1 Wend., 50; *Fay v. Ames*, 44 Barb., 327, 333; *Evans v. Commonwealth*, 8 Watts, 398; *Eagles v. Kern*, 5 Wharton, 144.

The reasons for holding to the rule laid down by Chief Justice SHAW in the case above cited, we think, are most satisfactory, and, as we understand them, they are the following: *First*. Because the judgment in the action against the principal, when in his favor, is a complete bar to the action against the sureties, and in any case fixes an absolute limit to the damages which can be recovered against them, it should be mutual, so far, at least, that when the judgment is against the principal, it should be presumptive evidence against the sureties. *Second*. The nature of the contract in official bonds is that of a bond of indemnity to those who may suffer damages by reason of the neglect, fraud or misconduct of the officer. The bond is made with the full knowledge and understanding that in many cases such damages must be ascertained and liqui-

dated by an action against the officer for whose acts the sureties make themselves liable; and the fair construction of the contract of the sureties is, that they will pay all damages so ascertained and liquidated in an action against their principal. This construction of the contract is the most reasonable, and works no hardship against the sureties. It is better for them that this should be so. Otherwise it would be necessary for every person who desired to hold the sureties for the misconduct of their principal, to join them in the first action, or else be subjected to a second litigation of the same matter, if, unfortunately, he should fail to obtain satisfaction after judgment against the principal; whereas, if the rule held in the case of the *City of Lowell v. Parker, supra,* is adhered to, the party injured will in most cases litigate the matter with the principal alone.

The principal is the one who ought to be at the expense of the litigation, and who ought to pay the damages. He is also the one who has the knowledge of the facts, and is certainly better prepared to litigate the matter than the sureties, who are not supposed to have any knowledge of the transaction. Certainly the defense is likely to be properly made by the principal, who has full knowledge of the facts, and who is to suffer most severely in case of a decision adverse to him. In most cases of this kind, if the sureties were sued in the first instance, with their principal, the defense of the action would be made by such principal; and yet the judgment in such an action would necessarily be conclusive upon all. Holding the judgment against the principal alone presumptive evidence, as against the sureties, of the facts established by such judgment, can work no hardship so long as the right is reserved to them of showing that the defense in such action was not made in good faith, was fraudulent, collusive, or suffered to be obtained through mistake as to the facts.

The rule laid down in the case of *City of Lowell v. Parker* is fully sustained by the following cases: *Lee v. Clark,* 1 Hill,

56; *Franklin v. Hunt*, 2 Hill, 671; *Westervelt v. Smith*, 2 Duer, 449; *Annett v. Terry*, 35 N. Y., 256; *Fay v. Ames*, 44 Barb., 327; *Bartlett v. Campbell*, 1 Wend., 50; *Huzzard v. Nagle*, 40 Pa. St., 178; *Eagles v. Kern*, 5 Wharton, 144; *Evans v. Commonwealth*, 8 Watts, 398; *Masser v. Strickland*, 17 S. & R., 354; *Webbs v. State*, 4 Coldw. (Tenn.), 199, 200; *Atkins v. Baily*, 9 Yerger, 111; *Baxter v. Marsh*, 1 Yerger, 460; *Drummond v. Prestman*, 12 Wheat., 515; *McLaughlin v. Bank*, 7 How. (U. S.), 220, 229; *Iglehart v. State*, 2 Gill & Johns. (Md.), 235, 245; *Dane v. Gilmore*, 51 Maine, 544, 551, 555; *Tracy v. Goodwin*, 5 Allen, 409; *Train v. Gold*, 5 Pick., 380; *Charles v. Hoskins*, 14 Iowa, 471; *Lyon v. Northrup*, 17 Iowa, 314; *Duffield v. Scott*, 3 T. R., 374; *Jones, Adm'r'x, v. Williams*, 10 L. J., N. S., Exch., 120, 123; *State v. Woodside*, 7 Ired. (N. C.), 296; *McLin v. Hardie*, 3 Ired., 407; *State v. Colerick*, 3 Ohio, 487; *Westerhaven v. Clive*, 5 Ohio, 136.

The only cases in this court bearing upon this question are *Gerber v. Ackley*, 32 Wis., 233; *Saveland v. Green*, 36 Wis., 612; and *Elwell v. Prescott*, 38 Wis., 274. Neither of these cases decides the point in question. Freeman on Judgments, § 180.

The learned counsel for the appellants has cited several decisions, of courts in New York and other states, which seem to hold the doctrine contended for by him, and particularly relies upon the cases of *Douglass v. Howland*, 24 Wend., 35, and *Thomas v. Hubbell*, 15 N. Y., 405. Of these cases it may be said, that the court of appeals, in the case of *Thomas v. Hubbell*, 15 N. Y., 405, did not hold that the judgment against the principal could not be received as *prima facie* evidence against the sureties, but did hold that the sureties were at liberty, notwithstanding the judgment against the principal, to show that there was a good defense as against their principal to the action, and so defeat the plaintiff's action. When this case came before the court of appeals the

second time (35 N. Y., 121), the judgment for the plaintiff in the court below was affirmed. But the court held that the judgment against the principal was conclusive as to the amount of damages the plaintiff could recover against the sureties, and that they were not concluded by the judgment as to the merits of the action, but might show affirmatively that the plaintiff had no right of action against their principal, as a defense, the same as was held on the first appeal. It would seem that in both cases, both in the court of appeals and the court below, the judgment was considered as *prima facie* evidence, but that the defendants were not concluded by it.

In the case of *Douglass v. Howland*, the action was brought upon a contract by which the principal agreed to account for and pay over such sum as should be found due and owing by him to the plaintiff, and which the defendant had guarantied the performance of. The plaintiff had filed a bill against the party to compel him to render an account and pay over what was due, and had judgment against the party, which was not paid; afterwards he brought suit against the guarantor upon his covenant to guaranty. Upon the trial of this action the plaintiff offered the decree in evidence against the guarantor. Justice COWEN, who delivered the opinion of the court, after an able and quite exhaustive review of the cases, comes to the conclusion that the record was not admissible, as being *res inter alios acta;* but at the close of his argument it seems to me he very greatly weakens its force by admitting that if the party for whom the defendant was guarantor had rendered an account voluntarily, and without action, and had admitted an amount due upon such account, the balance so struck by the parties would have been conclusive upon the guarantor; " that the striking of such balance would be an admission making a part of the *res gestæ*," and bind the defendant. To me there does not seem to be any force in the distinction made by the learned judge. If the rendering of an account voluntarily by the principal would bind his surety, why should

he not be bound when such account is rendered under the watchful and unprejudiced supervision of a court of chancery? Certainly it could make no difference whether the account was rendered in or out of court, if the account was rendered and balance struck by the principal himself. Within the decision of the learned justice, if the record of the proceedings in chancery had shown that the court had found the balance upon an account rendered by the principal and as struck by him, the account so rendered, though a part of the proceedings in the former action, would have been evidence against the guarantor, and would have concluded him. This was expressly held by the court in the case of *Iglehart v. State*, 2 G. & J., 235, 245. See, also, on the same point, *Drummond v. Prestman*, 12 Wheat., 519, and cases cited; *Tyler v. Ulmer*, 12 Mass., 164; *Mott v. Kip*, 10 Johns., 478; *Governor v. Twitty*, 1 Dev., 153.

If the admissions, statements and confessions of judgment by the principal are to be received in evidence against the sureties, as either presumptive or conclusive proofs of the facts admitted, stated or confessed, there does not appear to be any good reason for holding that the findings of a court or jury upon such admissions, statements or confessions should not be presumptive evidence of such facts against them.

Whilst we are compelled to admit that the authorities are conflicting upon the question under consideration, we are clearly of the opinion that the weight of authority is in favor of holding the judgment against the principal in an official bond *prima facie* evidence against the sureties.

The defendants having given no evidence upon the trial in the court below, upon the proofs offered by plaintiff he was clearly entitled to judgment, and there was no error in directing the jury to find for him.

*By the Court.* — The judgment of the circuit court is affirmed.