OMER BEAUCHAINE *vs.* JOHN R. McKINNON *et al.*

Submitted on brief by appellant, argued by respondent, Nov. 3, 1893. Affirmed Nov. 27, 1893.

No. 8464.

**Judgment on an official bond prima facie evidence against sureties.**

> A judgment against the principal in an official bond, recovered for acts or omissions which were a breach of the conditions of such obligation, is *prima facie* evidence against the sureties.

Appeal by defendants, John R. McKinnon, Frank Jerome, Henry R. Nolan, N. S. Gervais and E. W. Wile, from an order of the District Court of Polk County, *Gorham Powers*, J., made April 4, 1893, refusing to set aside the verdict in the action and grant a new trial.

John Paterson was on May 21, 1890, appointed by the Board of County Commissioners, Sheriff of Polk County for the residue of that year to fill a vacancy, pursuant to 1878 G. S. ch. 8, § 196. He accepted and he and his sureties gave their joint and several bond to the State of Minnesota in the penal sum of $5,000 conditioned that if he should well and faithfully perform the duties of that office it should be void. The defendants above named were his sureties on the bond. On November 20, 1890, Paterson had in his hands for service four writs of attachment against the property of Alfonse Beauchaine and Cyrille Beauchaine. Under them he on that day attached and took four horses, a colt, four oxen, a double harness and a lumber wagon. The plaintiff, Omer Beauchaine, appeared, claimed the property, sued the Sheriff and on January 9, 1892, recovered judgment therefor against him for $557.86. A writ of execution upon this judgment was returned unsatisfied and on application under 1878 G. S. ch. 78, § 3, leave was given and this action commenced upon the bond in the name of the plaintiff against the sureties. The complaint stated these facts in detail. The defendants answered denying that the property taken belonged to plaintiff. They alleged that it belonged to his brother, Alfonse Beauchaine and his father Cyrille Beauchaine, and that any purchase of it by him from them was fraudulent as against the attachments of their creditors. The issues were tried December 6, 1892.

Plaintiff offered in evidence the judgment roll in his action against Paterson, and the writ of execution and return thereon. Defendants objected, but were overruled and they excepted. The entire record and files in that action were then received in evidence and read to the jury. The plaintiff offered no other evidence upon the issues and rested. Much evidence was then given by the defendants in support of their claim that the sale of the property to the plaintiff was fraudulent as against the creditors of his brother and father. The jury returned a verdict for plaintiff for $557.86 and interest. Defendants moved for a new trial, but were denied and they appeal.

*A. A. Miller* and *Martin O'Brien,* for appellants.

The plaintiff offered in evidence the judgment roll in the case of Omer Beauchaine against Paterson and the writ of execution and the return thereon. These constituted plaintiff's case when he rested.

The contention of the defendants is that the judgment against the sheriff is not evidence against his sureties in an action on his official bond. The objection to the introduction in evidence of the judgment roll should have been sustained. There is great diversity of opinion in the courts as to the probative force of such a judgment. Some hold that the judgment against the principal is conclusive as to the sureties, while others hold that it is only *prima facie.* In yet other states it is held that such a judgment is evidence only of its own existence. It appears to us that this last is the only reasonable rule. To deny these sureties an opportunity to be heard seems harsh and unreasonable. *Pico* v. *Webster,* 14 Cal. 202; *Lucas* v. *Governor,* 6 Ala. 826; *Governor* v. *Shelby,* 2 Blackf. 26; *White* v. *State,* 1 Blackf. 557; *Graves* v. *Bulkley,* 25 Kans. 249; *Pioneer Sav. & Loan Co.* v. *Bartsch,* 51 Minn. 474.

*Edward George,* for respondent.

When a judgment is obtained against a sheriff, based upon acts constituting official misconduct and the sheriff is insolvent, that judgment, in an action brought against the sheriff's sureties on his official bond, is either conclusive evidence, *prima facie* evidence, or no evidence at all. Plaintiff contends that it is conclusive upon

the sureties on his official bond, both as to the misconduct of the officer and the extent of the damages. Plaintiff contends that defendants are privies, by the law of their contract, to their principal, the sheriff, and are therefore conclusively bound by the judgment against him. *Masser* v. *Strikland,* 17 Serg. & R. 354; *Musselman* v. *Commonwealth,* 7 Pa. St. 240; *McMicken* v. *Commonwealth,* 58 Pa. St. 213; *Giltinan* v. *Strong,* 64 Pa. St. 242; *Tracy* v. *Goodwin,* 5 Allen, 409; *Dennie* v. *Smith,* 129 Mass. 143; *City of Lowell* v. *Parker,* 10 Met. 309; *Dane* v. *Gilmore,* 51 Me. 544; *Tute* v. *James,* 50 Vt. 124; *State* v. *Colerick,* 3 Ohio, 487.

It has been held in this state that a judgment against an administrator is conclusive upon the sureties upon his official bond. *Balch* v. *Hooper,* 32 Minn. 158. Why should not the same rule apply in the case at bar?

This action was tried in the District Court upon the theory that the judgment against the sheriff was not conclusive, but only *prima facie* evidence against the sureties and on that theory of the law plaintiff obtained the verdict. In support of the theory upon which this action was tried we cite the following authorities; *Stephens* v. *Shafer,* 48 Wis. 54; *People* v. *Mersereau,* 74 Mich. 687; *People* v. *Schuyler,* 4 N. Y. 173; *Miller* v. *Rhodes,* 20 Ohio St. 494; *Charles* v. *Hoskins,* 14 Ia. 471; *Munford* v. *Overseers,* 2 Rand. 313; *Carr* v. *Mead,* 77 Va. 142; *State* v. *Woodside,* 7 Ired. 296; *State* v. *Cason,* 11 S. C. 392; *Taylor* v. *Johnson,* 17 Ga. 521; *Atkins* v. *Bailey,* 9 Yerg. 111; *Mullen* v. *Scott,* 9 La. Ann. 174; *Fay* v. *Edmiston,* 25 Kans. 439.

To recapitulate; the states of Massachusetts, Pennsylvania, Maine and Vermont hold the judgment conclusive in the premises. Wisconsin, Michigan, New York, Ohio, Iowa, Virginia, North Carolina, South Carolina, Tennessee, Georgia, Louisiana and Kansas hold it *prima facie* evidence, and only California, Indiana and Alabama sustain defendants and hold the judgment no evidence at all.

COLLINS, J.    The real questions involved in this appeal are whether in an action brought against sureties in an official bond, given by a sheriff, and conditioned for the faithful performance of the duties of his office, (1878 G. S. ch. 8, § 193,) a judgment which has been ren-

dered against such sheriff for official misconduct is admissible in evidence, and also, if it be admissible, to what extent are the sureties bound. A great number of decisions have been cited upon the subject, and there is much diversity of opinion as to the effect of such a judgment. In some of the states it is held that it is of no value as against sureties, and hence inadmissible in evidence in an action brought to enforce a liability upon the bond. *Pico* v. *Webster*, 14 Cal. 203; *Lucas* v. *Governor*, 6 Ala. 826; *Governor* v. *Shelby*, 2 Blackf. 26; *Carmichael* v. *Governor*, 3 How. (Miss.) 236. It is well argued in these cases that such a judgment is *res inter alios acta*, and therefore of no effect in an action against sureties. In a very large number of states it has been determined that such a judgment is *prima facie* evidence in an action brought against and involving the liability of sureties upon an official bond. It was so declared in Massachusetts in 1845, the learned Chief Justice Shaw preparing the opinion, (*City of Lowell* v. *Parker*, 10 Metc. 309,) although in later cases the court departed from this doctrine, as will be seen upon an examination of the authorities hereinafter cited. That these judgments are at least presumptive evidence as against sureties upon an official bond has been held in *Stephens* v. *Shafer*, 48 Wis. 54, (3 N. W. Rep. 835;) *Norris* v. *Mersereau*, 74 Mich. 687, (42 N. W. Rep. 153;) *Graves* v. *Bulkley*, 25 Kan. 249; *Fay* v. *Edmiston*, Id. 439; *Charles* v. *Hoskins*, 14 Iowa, 472; *Mullen* v. *Scott*, 9 La. Ann. 174; *Miller* v. *Rhoades*, 20 Ohio St. 494; *Taylor* v. *Johnson*, 17 Ga. 521; *Carr* v. *Meade*, 77 Va. 142; *De Greiff* v. *Wilson*, 30 N. J. Eq. 435. We gather from *Thomas* v. *Hubbell*, 15 N. Y. 405, 35 N. Y. 121, that this rule also prevails in New York.

A variety of reasons have been given in support of this rule, and many of them were referred to and commented upon in *Stephens* v. *Shafer, supra.* We need not state them.

There is also a very respectable array of authorities which fully sustain the doctrine that, where a judgment is recovered against an officer for official misconduct, and against which sureties upon his bond have covenanted, it is absolutely conclusive on the sureties, in the absence of fraud or collusion, both as to the official misconduct and the extent of the damages. Among these cases may be

v.55M.—21

noted *Masser* v. *Strickland*, 17 Serg. & R. 854; *McMicken* v. *Commonwealth*, 58 Pa. St. 213; *Chamberlain* v. *Godfrey*, 36 Vt. 380; *Tracy* v. *Goodwin*, 5 Allen, 409; *Dennie* v. *Smith*, 129 Mass. 143,— both these Massachusetts cases are subsequent to *City of Lowell* v. *Parker*, *supra*.

While the authorities are wide apart upon the question, it is evident that the decided weight is in favor of the doctrine that a judgment against the principal upon an official bond is *prima facie* evidence against the sureties. By this rule the right is reserved to such sureties to interpose any defense they may have, and to be fully heard on the merits.

After a full examination of the authorities, in deference to the great weight in this direction, and believing that convenience and public policy require and will be promoted by its approval, we accept and adopt the *prima facie* doctrine. We admit that the rule first mentioned herein, declaring judgments against principals upon official bonds ineffectual as against sureties, is more easily sustained on principle. In fact the *prima facie* doctrine has less to justify it than that which makes a judgment against the principal conclusive upon his sureties, except where there has been fraud and collusion. There is some difficulty in standing upon the middle ground of presumption.

The counsel for appellants have cited and relied upon the very recent case of *Pioneer Sav. & Loan Co.* v. *Bartsch*, 51 Minn. 474, (53 N. W. Rep. 764.) We regard the views therein set forth as sound on principle, and rest satisfied with the conclusion therein reached; but for the reasons before mentioned we adopt the *prima facie* rule as the most practical and desirable one when official bonds are involved.

Order affirmed.

(Opinion published 56 N. W. Rep. 1065.)