The Mayor, Aldermen and Commonalty of the City of New York, Respondent, *against* Michael Ryan *et al.*, Appellants.

(Decided June 7th, 1880.)

In an action upon a bond of a constable of the city of New York under the provisions of the Act of 1813, c. 86, § 147 (2 R. L. 397),—that in case of any recovery by any person aggrieved against such constable for any default or misconduct in office, the bond given by such constable may be ordered to be put in suit, "upon motion in open court, and upon showing that such recovery hath been had, and that the said judgment is at the time of making the said motion unsatisfied,"—a verdict for the plaintiff should be for the penalty of the bond, the recovery being for the benefit of all persons recovering against the constable for a default or misconduct in office, each of whom may have the judgment enforced by execution for the amount of his recovery until the amount of the judgment is exhausted. And the order that such bond be put in suit is conclusive, in an action against a surety on the bond, that the judgment on which the order was granted was a recovery against the constable for a default or misconduct in office.

The provision of the same section,—that "the surety or sureties in such bond shall not be charged beyond the amount of the sums respectively in which they shall be bound in each bond,"—has no reference to the costs of an action upon such a bond against a surety; and upon a recovery against a surety in such an action, execution may issue for the benefit and on the motion of the party who has put the bond in suit, for the amount of his recovery against the constable and the costs in the action on the bond against the surety, although the total amount directed by such execution to be levied may exceed the penalty of the bond.

This action was brought upon the official bond of the defendant August Sibberns, as a constable of the city of New York. One John Redman, Jr., having recovered a judgment against Sibberns for the sum of $83.25, and having thereupon obtained leave of the court to put the bond of Sibberns in suit, brought this action in the name of the Mayor, Aldermen and Commonalty of the City of New York against Sibberns and Michael Ryan, his surety on the bond. Ryan having appeared and answered, the complaint was, upon the trial, dismissed, and the judgment entered upon the dismissal was, on appeal, affirmed by the general term, but on appeal to the court of

appeals, that court reversed the judgment and ordered a new trial (see 35 How. Pr. 408). Upon the second trial the complaint was again dismissed, but the judgment entered upon such dismissal was reversed upon appeal by the general term, and a new trial ordered (see 7 Daly, 436). Upon the third trial, held before the court without a jury, the judge decided in favor of the defendants, but the judgment entered upon his decision was, on appeal to the general term, reversed, and a new trial again ordered; which is the decision of the general term referred to in the following opinion of J. F. DALY, J. Upon the fourth trial, the jury, by direction of the court, rendered a verdict for the plaintiff for the sum of $500, the amount of the penalty of the bond, and a judgment for the plaintiff was entered on the verdict for the said sum of $500, and the sum of $1,294.54, costs of the plaintiff in this action, making in the whole the sum of $1,794.54. After entry of this judgment a motion was made at special term that execution issue thereon for the sum of $83.25, the amount recovered by Redman against Sibberns, with interest, and for the further sum of $1,294.54, costs, with interest, to be paid to Redman or his attorneys; upon which motion the court ordered execution up to the amount of the penalty of the bond only, $500.

From the judgment for the plaintiff, the defendant appealed; and the plaintiff appealed from the order limiting to $500 the amount to be levied by execution on the judgment.

*Carpentier & Hays*, for plaintiff.

*E. T. Rice*, for defendant.

APPEAL from the judgment of this court against Ryan, surety, and Sibberns, principal, upon the bond of the latter as constable.

J. F. DALY, J.—The decision of the general term of this court upon the last appeal disposes of the principal points now raised by the appellant, viz.: that where, upon the motion of a party who has obtained judgment against a constable, the court orders the latter's bond to be put in suit, such order is

conclusive against the constable and his surety that the judgment so obtained was a recovery against the former for default or misconduct in office. It was an adjudication of the very question to be litigated on the motion, and the order made thereon is as conclusive as a judgment (*Riggs* v. *Pursell*, 74 N. Y. 370). The statute provides that the court shall order the bond to be put in suit upon the party " showing that such recovery hath been had," *i. e.*, a recovery by a person aggrieved for a default or misconduct in office (2 R. L. 1813, c. 86, § 147).

The court properly ordered a verdict for the penalty of the bond, and it was not necessary to show the damages sustained by Redman, the party who procured this action to be brought. This recovery by the Mayor, Aldermen and Commonalty is for the benefit of all persons who have recovered or may recover against the constable for a default or misconduct in office. Each of such persons may have this judgment enforced by execution for the amount of his recovery until the amount of the judgment is exhausted, by application to the court under the provisions of the statute. It follows that the judgment must be for the whole penalty of the bond, as the court is authorized to allow execution under it up to the amount of the penalty.

It follows that the surety on the constable's bond is deprived of a trial of the issue whether the constable has been guilty of official misconduct or of any default, except so far as it may be tried on the motion for leave to put the bond in suit. This was, however, matter of statutory regulation; and the legislature in the enactment of the law of 1813 has seen fit to spare the aggrieved party the expense of two trials—one in the action against the constable and another in the action on the bond.

If the point were to be decided upon principle we might hold that the judgment against the officer did not establish the liability of the latter in an action against the surety on the bond (*Thomas* v. *Hubbell*, 15 N. Y. 405). But the statute under consideration has provided that the question, so far as the surety is concerned, is to be determined on motion; and we are constrained therefore to hold such determination conclusive.

If it were a question of legislative intent, that would be

satisfactorily ascertained from the subsequent provisions of the same section of the act. It is there provided how parties who subsequently recover judgment against the constable for misconduct in office, may enforce the liability of his surety. Upon motion to the court they are entitled to an order directing execution to issue upon the judgment already obtained in the suit (prosecuted in the name of the Mayor, Aldermen and Commonalty by the prior judgment creditor of the constable) on the bond against the surety : and upon the motions of successive aggrieved parties, executions will be ordered until the penalty of the bond is exhausted. None of these subsequent parties is put to a suit against the surety, nor to any proof of the official misconduct of the constable, except upon the motion for execution. There is no reason why more should be required of the first creditor than of the other.

The judgment is affirmed with costs.

APPEAL from the order of special term directing that $500 be levied upon the judgment against the surety to pay John Redman, Jr., the party aggrieved, the debt and damages recovered by him.

J. F. DALY, J.—The judgment recovered in the action on the constable's bond when put in suit on the motion of John Redman, Jr., was for $1,794.54, being the full penalty of the bond, $500, and for the costs of the several trials and appeals that had been had, amounting to $1,294.54.

Redman's recovery against the constable in the action against the latter for misconduct in office, was for $83.25 damages and costs. He applied for execution for that sum, and also for the whole costs, $1,294.54, of the judgment against the surety, as having been incurred by him in prosecuting the bond.

The court ordered execution up to the amount of the penalty of the bond, $500, under the provision of the statute. " that the surety or sureties in such bond shall not be charged beyond the amount of the sums respectively in which they shall be bound in each bond " (Act of 1813, c. 86, § 147; 2 R. L. 398).

This provision has reference only to the amount the sureties are chargeable with on the penalty of the bond. It has no reference to the costs of the action upon the bond. Costs in that action belong to the prevailing party, and are taxed against the defendant as in other actions. Execution for these costs may issue in the name of the prevailing party, the plaintiff,—the Mayor, Aldermen and Commonalty of the City of New York,—wholly apart from the consideration as to what recoveries against the constable for misconduct in office are to be levied upon the balance of the judgment for the penalty of the bond. But as execution on the judgment against the surety can only issue on motion to the court, the process to collect the costs can only be so issued, and the order will be granted for the benefit and on the motion of the party that has put the bond in suit and borne the costs of the litigation.

If such party were not to have execution for those costs it would follow that they could not be enforced by any party, for the plaintiff, the corporation, is a nominal plaintiff; and the party, after being put to vast expense by the surety, and working at his own expense to obtain judgment on the bond for the benefit of all other aggrieved parties, would be unable to collect his taxable costs against the surety.

But the statute does not impose such a hardship on the creditor who has put the bond in suit. The provision limiting the liability of the sureties to the amount of the bond is manifestly intended to refer to liabilities upon recoveries by the several parties against the constable, *and not to a recovery of costs against the surety* in the action in which he is defendant. It follows the provision allowing the several parties subsequently recovering against the constable for official misconduct, to move for an order directing a levy on the judgment against the surety, for the amounts of such recoveries. It is followed by a provision for a ratable division of the whole amount between parties having recoveries *against the constable* exceeding the whole penalty. It is enacting that for recoveries against the constable no more shall be exacted of the surety than his bond : but it does not touch the question of the liability of the

surety for costs incurred by himself, nor the right to execution for the judgment obtained for such costs.

On motion of Redman the court is to " direct so much. money to be levied" on the judgment against the surety " as shall be sufficient to pay the party the debt or damages so re-covered " against the constable, " with costs, and to be paid to the party aggrieved " (same section).

The judgment against the surety is for $1,794.54. Beyond this amount the surety can in no event be charged, but he is charged up to that sum by the judgment. His liability is fixed by the judgment. It cannot be questioned on this motion, but must be attacked by appeal from the judgment. The liability is not $500, but $500 *plus* the costs included in the judgment. The court in ordering what Redman moved for,—viz. : execution for the costs, $1,294.54, and for $83.25 on the penalty,—as his recovery against the constable, did not attempt to enforce any greater liability than had been established by judgment against the surety.

The order appealed from should be reversed and an order entered as moved for. Costs of this appeal, $10, and disbursements to appellant.

VAN BRUNT, J., concurred.

Judgment affirmed, with costs, and order reversed, with $10 costs and disbursements of appeal to appellant.